IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



GERMAIN D. NDONGO,

    Petitioner,

v.                                                                           Civil Action No. **3:08cv593**

ICE, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Petitioner is currently detained pending his deportation. The matter is before the Court on the 28 U.S.C. § 2241 petition filed by Petitioner, Respondents' motion to dismiss, and several motions by Petitioner.

### I. PROCEDURAL HISTORY

Petitioner is a native and citizen of Cameroon. Petitioner was admitted to the Untied States as a lawful permanent resident in 1981. In 1991, Petitioner was convicted of assault and battery in violation of section 18.2-57 of the Virginia Code and sentenced to term of 12 months imprisonment. A Notice to Appear was served on Petitioner on March 26, 1999, charging him under 8 U.S.C. § 1227(a)(2)(A)(iii) as aggravated felon subject to removal. On November 19, 2003, Petitioner was ordered removed *in abstenia*.

On April 29, 2008, Petitioner was arrested and charged with the offense of grand larceny in violation of section 18.2-95 of the Virginia Code. On July 29, 2008, in the Circuit Court for the County of Culpeper, Petitioner pled guilty to that offense and was sentenced to seven years imprisonment, with six years nine months suspended. Upon his release from the Culpeper County Jail, on August 5, 2008, Petitioner was taken into custody by ICE. Petitioner is currently

in custody pending his removal based upon the final order of removal entered on December 19, 2003. On September 11, 2008, Petitioner filed his current 28 U.S.C. § 2241 petition with this Court.

## II. Petitioner's Grounds For Habeas Relief

Petitioner asserts that he was entitled to release because Respondents violated 8 C.F.R. § 287.7 in obtaining custody of his person.[1] That regulation provides that:

> Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department

8 C.F.R. § 287.7(d). Here, Petitioner contends that he completed service of his active term of imprisonment for his grand larceny conviction on July 29, 2008, but he was not taken into custody by ICE until more than 48 hours later, at 1:00 a.m. on August 5, 2008.

## III. Analysis

Petitioner's current detention by ICE does not flow from 8 C.F.R. § 287.7. Rather, it flows from 8 U.S.C. § 1231, which authorizes the detention of aliens who have been ordered to be removed from the United States. "Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [Petitioner's] detention is illegal today." *Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991). Therefore, even if Virginia officials held Petitioner for a period beyond the period authorized by 8 C.F.R. § 287.7, Petitioner would only be entitled to habeas relief if he could

---

[1] On October 21, 2009, Petition moved to amend his petition. Petitioner, however, did not set forth any additional claims he wished to raise. Accordingly, Petitioner's motion to amend (Docket No. 11) will be DENIED.

demonstrate that such a violation rendered his current detention by ICE illegal. *Id.* Petitioner has not cited, nor has the Court located any authority that suggests a violation of 8 C.F.R. § 287.7 renders his subsequent and present detention by ICE illegal. *See Hutchinson v. Reese*, No. 5:07cv00181, 2008 WL 4857449, at *2-3 (S.D. Miss. Nov. 7, 2008) (rejecting inmate's claim that his constitutional rights were violated when he was detained past the 48 hour window set forth in § 287.7(d)); *cf. Harris v. South Carolina*, 642 F.2d 71, 73 (4th Cir. 1981) (rejecting convicted inmate's claim that he was entitled to relief based upon defects inbench warrants and extradition proceedings used to bring him back to South Carolina for trial). Accordingly, Respondents' motion to dismiss (Docket No. 12) will be GRANTED and the petition for a writ of habeas corpus will be DENIED.[2] Petitioner's outstanding motions to appoint counsel (Docket No. 8), for discovery (Docket No. 9), for a hearing (Docket No. 10), for summary judgment (Docket Nos. 20, 24), for judgment (Docket No. 27), and for a certificate of appealability (Docket No. 28) will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

Date: JUN 1 8 2009
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

---

[2] Respondents also have argued that Petitioner's current detention is lawful because, at that time they moved to dismiss, the duration of detention for removal purposes did not exceed the presumptively reasonable period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In his present habeas petition, Petitioner has not sought relief on the grounds that the overall duration on his detention pending deportation was unconstitutional. Accordingly, the Court will not consider that issue here.